UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSEPH PORTER, | § | |
| | § | |
| PLAINTIFF | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:14-cv-1653 |
| | § | |
| KIES SOLUTIONS, INC. AND | § | |
| COLLEEN ENRIGHT, | § | |
| INDIVIDUALLY, | § | |
| | § | JURY DEMANDED |
| DEFENDANTS | § | |

**ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff Joseph Porter, by and through his undersigned attorney of record, and sues Defendants Kies Solutions, Inc. and Colleen Enright ("Defendants") and in support thereof would show unto this Honorable Court as follows:

1. Plaintiff brings this action for unpaid minimum wage, unpaid overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. §216(b) ("FLSA").

2. Plaintiff is an individual residing in Galveston County, Texas.

3. Defendant Kies Solutions, Inc. is a domestic corporation formed and existing under the laws of the State of Texas and maintains and operates its principal office in Texas. Defendant can be served with process by serving its registered agent for service of process, Colleen Enright at 3018 Bayport Blvd, Suite A, Seabrook Texas 77586.

4. Defendant Colleen Enright is an individual who, upon information and

belief, resides in Harris County, Texas, and at all times relevant to this claim acted directly or indirectly in the interest of Defendant Kies Solutions, Inc. in relation to Plaintiff's employment and was substantially in control of the terms and conditions of the Plaintiff's work. Defendant Colleen Enright was an employer of the Plaintiff as defined by 29 U.S.C. §203(d). Colleen Enright may be served with process at 3018 Bayport Blvd, Suite A, Seabrook Texas 77586.

5. Jurisdiction is conferred on this Court by Title 28 U.S.C. §1331, Title 28 U.S.C. §1337, and by Title 29 U.S.C. §216(b).

6. Venue is proper in this district under 28 U.S.C. § 1391.

7. At all times pertinent to this Complaint, Defendant Kies Solutions, Inc. was an enterprise engaged in interstate commerce. At all times pertinent to this Complaint, Defendant Kies Solutions, Inc. regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s). At all times pertinent to this Complaint, upon information and belief, Defendant Kies Solutions, Inc. had gross operating revenues in excess of $500,000.00. At all times pertinent to this Complaint, Defendant Kies Solutions, Inc. employed two or more persons in interstate commerce.

8. Plaintiff was individually engaged in commerce or in the production of goods for commerce and his work was essential to Defendants' business.

9. Plaintiff worked for Defendants from November 2013 through May 2014 as a warehouse employee.

10. Defendants regularly refused to compensate Plaintiff for all hours worked each week. No justification or excuse existed for Defendants' practice of failing to

compensate Plaintiff for all work performed each week.

11. As such, Defendants failed to pay Plaintiff minimum wages for all hours worked. Failure to pay minimum wages was and is in violation of the FLSA. Defendants willfully violated Plaintiff's rights under the FLSA.

12. During one or more weeks of Plaintiff's employment with Defendants, Plaintiff worked in excess of forty (40) hours (overtime hours).

13. During one or more weeks of Plaintiff's employment with Defendants wherein Plaintiff worked overtime hours, Defendants failed to pay Plaintiff one and one-half times his regular rate of pay for each overtime hour worked (overtime compensation).

14. The acts described in the preceding paragraph violate the FLSA, which prohibits the denial of overtime compensation for hours worked in excess of forty (40) per workweek. Defendants willfully violated Plaintiff's rights under the FLSA.

15. As a result of Defendants' unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of minimum wages and overtime which was not paid and which should have been paid.

16. Plaintiff seeks and is entitled to an award of liquidated damages in an amount equal to his unpaid minimum wages and his unpaid overtime pay pursuant to Section 216 of the FLSA.

17. Plaintiff also seeks compensation for expenses and costs of court that will be incurred in this action. Plaintiff is also entitled to reasonable and necessary attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, PREMISES CONSIDERED, Plaintiff Joseph Porter requests that:

1. The Court assume jurisdiction of this cause and that Defendants be cited to appear;

2. The Court award damages to Plaintiff as specified above with Defendants being found jointly and severally liable;

3. The Court award reasonable and necessary attorneys' and expert fees and costs;

4. The Court award Plaintiff pre-and post-judgment interest at the highest rates allowed. Plaintiff further prays for any such other relief as the Court may find proper, whether at law or in equity.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted,

 /s/ Douglas B. Welmaker
Douglas B. Welmaker
Attorney-in-Charge
State Bar No. 00788641
DUNHAM & JONES, P.C.
1800 Guadalupe Street
Austin, Texas 78701
Tel: (512) 777-7777
Fax: (512) 340-4051
E-Mail: doug@dunhamlaw.com

ATTORNEYS FOR PLAINTIFF